# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BALAJEE TRADE LINK, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-12-2463 |
| v. | (JUDGE CAPUTO) |
| MAYA OVERSEAS FOODS, INC., | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is the Notice of Removal filed by Defendant Maya Overseas Foods, Inc. (Doc. 1.) Because the Notice of Removal fails to establish that the Court has subject matter jurisdiction over this action, it will be remanded to state court unless Defendant can show that diversity jurisdiction is proper.

## I. Background

Plaintiff originally filed this breach of contract action in the Court of Common Pleas of Lackawanna County, Pennsylvania on or about November 13, 2012. On December 10, 2012, Defendant removed the action to the Middle District of Pennsylvania.

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). The removing Defendant alleges that the Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist,

there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this case, Defendant fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the limited liability company Plaintiff. The Notice of Removal states that Plaintiff "is a limited liability company with a principal place of business located at 805 South Main Street, Taylor, Lackawanna County, Pennsylvania 18414 and as such is a Citizen of the Commonwealth of Pennsylvania." (Doc. 1, ¶ 4.) However, "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity

2

depends on the citizenship of all its members); 1 *Federal Procedure, Lawyers Edition* § 1:176 (2011). Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420. Here, as the Notice of Removal fails to allege facts regarding the citizenship of the members of Balajee Trade Link, LLC, the Court cannot determine that diversity jurisdiction exists in this case.

## III. Conclusion

Because removing Defendant has not shown that there is complete diversity of citizenship between the parties, the Court cannot determine whether subject matter jurisdiction exists, and the matter is subject to dismissal under Federal Rule of Civil Procedure Rule 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Defendant may be given the opportunity to demonstrate that diversity jurisdiction exists. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts"). As such, Defendant will have twenty-one (21) days in which to file an amended notice of removal. Failure to do so will result in the action being remanded to the Court of Common Pleas. An appropriate order follows.


December 14, 2012                                  /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                                United States District Judge

3